GLENN D. CHOY Hawaii Bar #1985
Attorney at Law
735 Bishop Street, Suite 322
Honolulu, HI 96813
Telephone: (808) 533-7007

Attorney for ANALIZA BACANI (01)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | CR. NO. 03-00035-01 SOM |
| ) | |
| Plaintiff,    ) | |
| ) | DEFENDANT |
| vs.    ) | ANALIZA BACANI'S |
| ) | RE-SENTENCING MEMORANDUM; |
| ANALIZA BACANI,    ) | CERTIFICATE OF SERVICE |
| ) | |
| Defendant.    ) | DATE: June 15, 2006 |
| ) | TIME: 3:00 p.m. |
| ) | JUDGE: Susan Oki Mollway |

DEFENDANT ANALIZA BACANI'S RE-SENTENCING MEMORANDUM

Through counsel, Defendant ANALIZA BACANI files the instant Re-Sentencing Memorandum setting forth factors which the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. §3553(a).

I. RECENT SENTENCING LAW DEVELOPMENTS

On January 12, 2005, the Supreme Court ruled that under Apprendi v. New Jersey, 530 U.S. 465 (2000), those provisions of the federal Sentencing Reform Act of 1984 that made the Guidelines mandatory, 18 U.S.C. § 3553(b)(1)

(Supp.2004), or which rely upon the Guidelines's mandatory nature, 18 U.S.C. § 3742(e) (main ed. and Supp.2004), were incompatible with its Sixth Amendment holding. U.S. v. Booker, ___ U.S. ___, 125 S. Ct. 738 (2005). Accordingly, the Court severed and excised those provisions, "mak[ing] the Guidelines effectively advisory." Id.

Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act as revised by Booker,

> requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A. § 3553(a)(4) (Supp.2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a) (Supp.2004).

Booker, 2005 WL 50108 at *16. Thus, under Booker, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. §3553(a).

The primary directive in §3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." §3553(a)(2) states that such purposes are:

 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
 (B) to afford adequate deterrence to criminal conduct;
 (C) to protect the public from further crimes of the defendant; and
 (D) to provide the defendant with needed educational

2

or vocational training, medical care, or other correctional treatment in the most effective manner.

§3553(a) further directs sentencing courts to consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (3) the kinds of sentences available; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

The directives of Booker and §3553(a) make clear that courts may no longer uncritically apply the guidelines and, as one court suggested, "only depart . . . in unusual cases for clearly identified and persuasive reasons." United States v. Wilson, 2005 WL 78552, at *1 (D. Utah Jan. 13, 2005). The approach espoused in Wilson is inconsistent with the holdings of the merits majority in Booker, rejecting mandatory guideline sentences based on judicial fact-finding, and the remedial majority in Booker, directing courts to consider all of the §3353(a) factors, many of which the guidelines either reject or ignore.

II. DEFENDANT'S SENTENCE AND SUBSEQUENT CASE LAW

Defendant appealed her sentence to the 9th Circuit, though not raising a 6th Amendment challenge prior to

3

sentencing. The 9th Circuit vacated Defendant's sentence and remanded in light of U.S. v. Ameline, 409 F.3d 1073, 1084-85 (9th Cir.).

In Ameline, id., the 9th Circuit held that when the court is faced with an unpreserved Booker error that may have affected a defendant's substantial rights, and the record is insufficiently clear to conduct a complete plain error analysis, a limited remand to the district court is appropriate for the purpose of ascertaining whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory. 409 F.3d at 1074-5.

The 9th Circuit in Ameline also stated that in re-sentencing a defendant, the district court is permitted to take a fresh look at the relevant facts and the Guidelines consistent with Booker, the Sentencing Reform Act of 1984, Fed. R. Crim. Pro. 32, and appropriate case law. 409 F.3d at 1085.

   III. RE-EXAMINATION OF DEFENDANT'S SENTENCE DICTATES
        DIFFERENT RESULTS UNDER SYSTEM WHERE GUIDELINES
        ARE ADVISORY

   **A. Minor Role**

The Presentence Report [PSR], "Offense Level

4

Computations," pages 6 to 7, does not adjust the offense level under Section 3B1.2, U.S.S.G., for her minimal role, or at least minor role, in the offense.

At sentencing the Court denied such adjustment, stating that it could not make the finding that Defendant was less culpable than "most other participants" [Tr. 5/3/04, at 17.]

An examination of the relevant circumstances in fact shows Defendant to fall into that category of lesser culpability: Ms. Bacani's role was to provide an address to which Jose Marquez, the source, could have a drug parcel delivered, and at which Emerson Manuel, the purchaser, could then pick up the parcel. Operationally, her role was merely to be home when the parcel was delivered, ostensibly by FedEx, and to sign for the parcel. Ms Bacani's role, then, was less culpable than that of the source -- Marquez, or the purchaser -- Manuel, though more culpable than that of Robert Ancheta, the accomplice to Ms. Bacani.

Defendant's involvement was even not so substantial as that of a courier. And yet, the role of courier makes a defendant eligible for "mitigating role" adjustment. United States v. Webster, 996 F.2d 209 (9th Cir. 1993).

Given that Defendant herein played a role even less substantial than that of courier, i.e., providing an

5

address to which the drug parcel could be sent, she is under the dictates of Webster *a fortiori* eligible for a downward adjustment.

### B. Relevant Conduct

The PSR, "Offense Level Computations," pages 6 to 7, paragraph 23, 24, and 25, enhances the offense level by aggregating a prior transaction from a month before the instant offense, in which Defendant played the same role of providing a mailing address for a drug delivery.

Such enhancement should not have been applied, for three reasons: 1) diminished intent, 2) insufficiency of the finding of a continuing course of conduct, and 3) the fundamental unfairness of aggregating conduct disclosed voluntarily by Defendant

First, while Ms. Bacani pled guilty herein, her intent to commit the charged offense was diminished by her desire to detach herself from drug-related activity. See Sentencing Statement, filed June 19, 2003, 4th page [unpaginated]. The question of whether activities should be grouped as relevant conduct includes the inquiry into defendant's intent. The diminished intent as to the second, charged conduct militates against grouping with the prior activity. *See* United States v Nichols, 979 F2d 402, reh, en banc, den (CA6 1992)(Five kilograms of cocaine

involved in prior uncompleted transaction was properly included as relevant conduct in setting defendant's base offense level, since disputed transaction, which involved same parties, same substance, and same objectives as cocaine transaction for which defendant was convicted, was part of same course of conduct under § 1B1.3, and defendant **intended** to produce and was reasonably capable of producing negotiated amount pursuant to § 2D1.4.)

Secondly, two transactions do not constitute a pattern of conduct. On the basis of two transactions, there can be no showing of regularity. Such showing was required by the Ninth Circuit in United States v. Hahn, 960 F2d 903 (9th Cir. 1992), wherein it held that the same course of conduct under § 1B1.3(a)(2) requires showing of similarity, regularity and temporal proximity in sufficient proportion so that sentence takes into account conduct extraneous to events immediately underlying conviction, and case must be remanded where it is unclear that evidence District Court considered in concluding that drug conduct 5 months before conduct comprising offense of conviction was relevant under § 1B1.3. The 8th circuit has similarly established a requirement of a finding of a "pattern" before finding relevant conduct. See United States v Gooden, 892 F.2d 725, cert den (US) 58 USLW 3769 (8th Cir. 1989)(cocaine

sales, which were similar in character to cocaine sales of which defendant was convicted and were conducted in same geographical area within few months, demonstrated pattern of continuous drug activity and supported finding that they were part of same course of conduct).

Thirdly, it is unfair to find relevant conduct via information volunteered exclusively by Ms. Bacani, during a debriefing held pursuant to her acceptance of responsibility. See U.S. v. Boyd, 901 F.2d 842 (10th Cir. 1990), wherein the 10th Circuit held that an additional amount of cocaine, which defendant admitted had been delivered to her previously in order to qualify for acceptance of responsibility reduction, could be aggregated as part of common scheme with amount of cocaine defendant pled guilty to possessing, where defendant merely corroborated story of a person who made deliveries. In so holding, however, the 10th Circuit pointedly referencing the sentencing court's position, noting the "inequity of enhancing a sentence for being truthful and honest." This was even despite the fact that the defendant received a sentence reduction under Section 3E1.1 of the Guidelines for "acceptance of responsibility. 901 F.2d at 843-844. The 10th Circuit clearly recognized the issue the sentencing court found troubling -- the propriety of finding relevant

conduct based on the defendant's own disclosures. However, because defendant in <u>Boyd</u> merely corroborated other information, the 10th Circuit did not reach the question of the propriety of using the defendant's own disclosures as a basis for a relevant conduct enhancement.

Herein, in contrast, Ms. Bacani was the sole and voluntary source of the information regarding the prior transaction. The concern displayed by the 10th Circuit suggests that this issue should give the Court pause herein. Defendant submits that fundamental fairness dictates against enhancement for relevant conduct disclosed voluntarily by her.

        **C.**      **Mitigation Due to Defendant's Total Ignorance As to the Quantity and the Quality of the Drugs Involved**

Defendant maintains that a basis for downward departure is her unawareness as to the quantity and quality of the drugs transacted.

In <u>United States v. Mendoza</u>, 121 F.3d 510 (9th Cir. 1997), the Ninth Circuit reversed a district court's refusal to grant a downward departure based upon a defendant's lack of control over, or knowledge of, the purity of the methamphetamine that was delivered to a federal drug agent. The <u>Mendoza</u> panel, citing to <u>Koon</u>, held that the downward departure on this ground "does not

9

involve one of the few factors <u>categorically</u> proscribed by the Sentencing Commission" (emphasis in original). The <u>Mendoza</u> panel noted that the district court could have departed downward because:

> Mendoza's argument that he did not have control over, or know the purity of, the methamphetamine is simply another form of the claim that a drug possessor did not know of the quantity of drugs possessed . . . . Thus, a defendant who actually possess the drugs ordinarily may be sentenced on the basis of the amount possessed, whether or not he or she knew of the amount . . . [but][t]here may be instances, however, where the amount of drugs that happened to be possessed differs so much from the amount reasonably foreseeable that a departure is justified because the offense level grossly overstates the culpability of the defendant's conduct.

<u>Id.</u> at 514 (citations omitted; emphasis added).

In the instant case, Defendant received the parcel, then bit it open with her teeth. Agents burst into the room as she was in the midst of opening the package. She threw the package towards her boyfriend, Robert Ancheta. She thus had no opportunity to gain any impression as to the amount of drugs involved, or their quality or purity.

Further, Defendant was so tangentially, and reluctantly, involved as to be ignorant of the particular terms of the relevant drug transaction. She served the purpose to the principals in the deal of providing an address for receipt of the parcel shipment. She knew

10

nothing of any of the terms of the deal, such as the selling price, or the quantity or purity of the drugs involved. Defendant did not manufacture or pay for the methamphetamine. Nor did she benefit from the drug transaction in any way. The above-cited reasoning of <u>Mendoza</u> applies to Defendant's lack of knowledge as to the quantity and purity of the drugs involved, and takes this case outside the heartland of the Guidelines.

## Conclusion

For the foregoing reasons, it is respectfully requested that the Court reduce Ms. Bacani's original sentence due to her minor role and lack of awareness as to the amount and purity of the subject drugs. It is further submitted that her sentence should not be enhanced on the basis of a finding of "relevant conduct."

Ms. Bacani submits that the sentence now advocated is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

DATED: Honolulu, Hawaii, June 4, 2006.

_____
GLENN D. CHOY
Attorney for ANALIZA BACANI

11

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing document was duly mailed to the following on the date of filing:

```
EDRIC CHING
Assistant United States Attorney
PJKK Federal Building
300 Ala Moana Boulevard, Room 6100
Honolulu, Hawaii 96850
Attorney for Plaintiff
UNITED STATES OF AMERICA

MARTIN ROMUALDEZ
Senior U.S. Probation Officer
U.S. Probation Office
300 Ala Moana Blvd.
PJKK Federal Building
Honolulu, Hawaii 96850
```

DATED:   Honolulu, Hawaii, June 4, 2006.

_____
GLENN D. CHOY
Attorney for Defendant
ANALIZA BACANI